IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL MICHELSEN, on behalf of herself and all others similarly situated, | : : : : : | CIVIL ACTION |
| | | ELECTRONICALLY FILED |
| Plaintiff, | | ON DECEMBER 16, 2019 |
| v. | : : | |
| | | CLASS ACTION |
| S-L DISTRIBUTION COMPANY, LLC, | : : | |
| | | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## COMPLAINT – CLASS ACTION

Carol Michelsen ("Plaintiff") brings this class action lawsuit against S-L Distribution Company, LLC ("Defendant") for violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332.

2. Venue is proper under 29 U.S.C. § 1391 because Defendant is headquartered in this judicial district and because the underlying Distributor Agreement requires that litigation occur in a federal or state court encompassing York County.

## PARTIES

3. Plaintiff resides in Mundelein, IL.

4. Defendant is headquartered in Hanover, PA.

5.    Prior to around 2016, Defendant operated under the name S-L Distribution Company, Inc.

## FACTS

6.    Defendant, according to its website, "is a wholesale distributor of various snack food products manufactured by subsidiaries and affiliates of Snyder's-Lance, Inc."

7.    Defendant pays workers to deliver/distribute snack food products to retail stores and other customers within specific geographic areas referred to as "routes."  Defendant requires these workers to form corporations as a condition of doing business with Defendant and refers to the workers as "IBOs."  Such terminology will be used throughout this complaint.

8.    Plaintiff works for Defendant as an IBO in Illinois.  In order to work for Defendant, she was required to form a corporation called "CLM Marketing Inc." that is headquartered at her home.

9.    Most of the products Plaintiff and other Illinois IBOs deliver/distribute are manufactured outside of Illinois.

10.   IBOs use vehicles to transport the products from Defendant's warehouses to customers.

11.   Defendant's company website states that "[t]he individual(s)

who own the IBO entity must have a valid driver's license." The website further explains that "[a]n IBO is responsible for providing its own vehicle" and that "[c]ommon delivery vehicles used for this type of business are step vans, box trucks or trailers."

12. The work of Plaintiff and other IBOs falls squarely within Defendant's usual course of business. Indeed, Plaintiff and other IBO's are central to Defendant core business as "a wholesale distributor of various snack food products."

13. Plaintiff and other IBOs are not engaged in independently established trades, occupations, professions, or businesses. Rather, IBOs generally work exclusively for Defendant and their associated corporate entities generally exist for the sole purpose of working for Defendant.

14. Each week, Defendant makes deductions from the earnings of Plaintiff and other IBOs. These deductions are itemized on weekly "settlement sheets" and include, *inter alia*, deductions for route loan repayments, truck loan repayments, truck rental payments, and electronic equipment.

15. In addition, Plaintiff and other IBOs regularly incur work-related expenses for, *inter alia*, gas, vehicle maintenance/repair, and insurance. Defendant does not reimburse Plaintiff and other IBOs for such

expenses, which are directly related to the work Plaintiff and other IBOs perform for Defendant.

16. Plaintiff estimates that, during the applicable limitations period, the monetary value of the deductions and expenses referenced above exceed $75,000.

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and other individuals who, either individually or through a closely held corporation, performed work for Defendant or any of its related or predecessor companies (including, *inter alia*, S-L Distribution Company, Inc. and SL Routes, LLC) as an IBO in Illinois within the past 10 years.

18. Class action treatment of this action appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

    (c)    Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

    (d)    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies and practices, as summarized herein.  The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

    (e)    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I**

19.    All previous paragraphs are incorporated as though fully set forth herein.

20.    Plaintiff and the class members are employees entitled to the IWPCA's protections.

21.    Defendant is an employer required to pay Plaintiff and the class members in accordance with the IWPCA.

22.    The IWPCA provides that, except under limited circumstances

not applicable here, "deductions by employers from wages or final compensation are prohibited." 820 ILCS 115/9.

23. The IWPCA also provides that "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. 820 ILCS 115/9.5(a).

24. Defendant violated the IWPCA by subjecting Plaintiff and other class members to the types of wage deductions referenced in paragraph 14 and failing to reimburse Plaintiff and other class members for the types of work-related expenses referenced in paragraph 15.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief on behalf of herself and other class members:  (A) class certification; (B) payments equaling the value of all improper deductions; (C) reimbursement for all work-related expenses; (D) all available penalties/statutory damages available under the IWPCA; (E)  pre-judgment interest and (F) any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Date:  December 16, 2019

Respectfully,

_____
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold L. Lichten, Esq.*
Matthew Thomson, Esq.*
Zachary L. Rubin, Esq.*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(617) 994-5800

Chad Hatmaker, Esq.*
J. Keith Coates. Esq.*
WOOLF, MCCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC
Post Office Box 900
Knoxville, TN  37901
(865) 215-1000

* *pro hac vice* admission anticipated

*Attorneys for Plaintiff*