## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIKA HANNA, | : | 1:19-cv-2143 |
|     Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| S-L DISTRIBUTION COMPANY, LLC. | : | |
| | : | |
|     Defendant. | : | |

## **MEMORANDUM**

### **January 6, 2021**

Presently pending before the Court is Defendant S-L Distribution Company, LLC's, ("S-L"), Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 27).[1] Plaintiff Monika Hanna, on behalf of herself and all others similarly situated, alleges violations of the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS 115/1, *et seq*. Defendant S-L is a wholesale distributor of snack food products associated with Snyder's-Lance, Inc. (Doc. 21 at ¶ 7). Plaintiff's claim concerns business arrangements between members of the proposed class and Defendant by which putative class members formed LLCs to distribute

---

[1] The underlying facts of the instant motion closely mirror that in a related case we have previously considered, *Marazano v. S-L Distribution Company*, 19-cv-1997. Many of the factual allegations asserted in *Hanna* were previously stated in *Marazano* by the same set of attorneys for both parties. As such, we rely upon our prior recitation of facts in *Marazano* to render our decision in the instant Motion.

1

Defendant's snack products. (Doc. 21 at ¶¶ 9-11). Plaintiff alleges that Defendant, in the course of these arrangements, violated the IWPCA by improperly withholding and diverting funds from class members' earnings for work-related expenses. (*Id.* at ¶¶ 29-31).

## I.      FACTUAL BACKGROUND

We take the following from Plaintiff's Amended Complaint and assume its veracity, as is required at this stage of the proceedings.

Defendant S-L requires individuals to form corporations, called "IBOs," to distribute its snack products. (Doc. 21 at ¶ 10). Plaintiff complied with S-L's incorporation requirement by forming an IBO headquartered at her home in Illinois. (Doc. 21 at ¶ 11). Plaintiff avers that these IBOs typically work exclusively for S-L, using vehicles to transport Defendant's products from warehouses to customers. (*Id.* at ¶¶ 18-19). Generally, Defendant then remits payment to Plaintiff after making certain withholdings on weekly "settlement sheets." (*Id.* at ¶ 21). These weekly withholdings include route loan repayments, truck loan repayments, truck rental payments, and charges for electronic equipment. (*Id.*). Defendant similarly diverts earnings from the IBOs for additional expenses that Plaintiff characterizes as work expenses, including for gas, vehicle maintenance/repairs, and insurance. (*Id.* at ¶ 22). Plaintiff estimates the total of

such pay withholdings and diversions from her IBO amount to more than $75,000. (*Id.* at ¶ 23).

## II. PROCEDURAL HISTORY

Plaintiff now alleges that these withholdings and diversions violated Illinois wage and hour laws, (Count I), because she, and similarly situated Plaintiffs, created and operated IBOs in the state of Illinois, and were Defendant's employees. (*Id.* at ¶ 11; 27-28).

In the instant motion, S-L seeks to dismiss Plaintiffs' claim Illinois state law for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 27). S-L filed its supporting brief on May 19, 2020. (Doc. 28). Plaintiff filed her brief in opposition on June 1, 2020. (Doc. 30). Defendant filed a reply brief on July 1, 2020. (Doc. 31). The matter is now ripe for review. For the reasons that follow, the motion shall be granted without prejudice.

## III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule

12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level…." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the … complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### IV. DISCUSSION

As Defendant correctly notes, before Plaintiff Hanna filed the instant lawsuit, she opted-in to a FLSA collective action lawsuit in the Western District of

5

North Carolina which also involved S-L: *Mode, et al. v. S-L Distribution Co., LLC, et al.*, Case No. 18-cv-00150. (Doc. 28 at 2).[2] Defendant argues that Plaintiff should have asserted her Illinois state law claim in *Mode* because it arises from the same set of facts against the same party. (*Id*. at 3). Thus, Defendant maintains, Plaintiff has impermissibly split her claims and we should dismiss the instant action. For the reasons that follow, we agree with Defendant and will dismiss Plaintiff's claim without prejudice to Plaintiff to refile the lawsuit, if appropriate, at a later date.

The split claims doctrine dictates that "[p]laintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) (Alito, J., dissenting) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). As such, "federal district courts have discretion to enforce that requirement as necessary 'to avoid duplicative litigation.'" *Id*.

Two Third Circuit cases have elucidated this principle. The first, *Walton v. Eaton Corp.*, stated that a plaintiff could not "maintain two separate actions involving the same subject matter at the same time in the same court and against

---

[2] We take judicial notice of the docket and public filings in *Mode*, as we are permitted to do. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint [and] matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case").

the same defendant." 563 F.2d 66 (3. Cir. 1977). In so finding, the Court noted that, while the plainitff's second complaint sought additional relief under a new statute, there were not sufficient differences between the two complaints to survive dismissal. *Id.* at 69-70.

The second case, *McKenna v. City of Philadelphia,* further explained that *Walton* "was intended to fill the gap when duplicative claims are brought in the course of ongoing litigation and applies 'when a second action is filed before the first is concluded [and] issue and claim preclusion do not apply.'" *Yost v. Anthem Life Ins. Co.*, No. 3:18-CV-1522, 2019 WL 3451507, at *3 (M.D. Pa. July 30, 2019) (citing *McKenna,* 304 F.App'x 89, 94 (3d Cir. 2008) (not precedential).

In such cases, as our esteemed colleague Judge Mariani notes, "[b]oth *Walton* and *McKenna* identified available procedures for handling a second action which is substantially identical to a pending case: either stay the second case, consolidate it with the first case, or dismiss the second case without prejudice." *Yost*, No. 3:18-CV-1522, 2019 WL 3451507, at *3 (citing *McKenna*, 304 F. App'x at 89; *Walton*, 563 F.2d at 70-71).

Here, similarities abound. Both *Mode* and the instant case involve our plaintiff, Monika Hanna. (Doc. 28 at 2; Doc. 30 at 7). Both cases are brought against S-L. (*Id.*). Both cases arise from the business relationship between Hanna and S-L by which Hanna distributed snack products for S-L in Illinois. (*Id.*).

7

Indeed, as Defendant thoroughly notes, both the *Mode* complaint and Plaintiff's Amended Complaint in the instant case contain markedly similar language and allegations. *See* Doc. 28 at 5-6. This makes sense, as Plaintiff Hanna is represented by the same counsel both here and in *Mode*. (*Compare Hanna v. S-L Dist. Co., LLC,* 19-cv-2143, with *Mode v. S-L Dist. Co, LLC,* 18-cv-00150). Most importantly, though, both *Mode* and the case presently before us would require a determination of whether Plaintiff was incorrectly classified as an independent contractor—the IWPCA's relevant protections apply only to *employees*, as do those of the FLSA. *See* 820 Ill. Comp. Stat. Ann. 115/1 ("This Act applies to all employers and employees in this State"); Fair Labor Standards Act of 1938, §1 *et seq.*, 29 U.S.C.A. § 201 *et seq.*

Consequently, we would be required to examine the same evidence as the court in *Mode* to determine whether Plaintiff is an employee.[3] True, Plaintiff correctly notes that we would be compelled to make such a determination under the "ABC Test," while the court in *Mode* would use the FLSA's "economic realities test" in its conclusion. (Doc. 30 at 24-25). But this is not enough to

---

[3] Plaintiff disagrees, arguing that this case concerns "improper wage deductions and business expenses" while *Mode* seeks unpaid overtime and minimum wages. (Doc. 30 at 23-24). But, as Plaintiff herself notes, we must "focus [on] the facts" underlying these claims. (Doc. 30 at 23) (citing Davis v. Wells Fargo, 824 F.3d 333, 342 (3d Cir. 2016)). Those facts show that both cases are predicated on the same business arrangement to distribute snack products. And both cases begin with evidence concerning Plaintiff's employment status. While the legal conclusions of these cases may differ, the same evidence and factual basis exists for both cases.

constitute the substantial difference required by *Walton*. 563 F.2d at 69-70. While these tests are different, both will require us to examine the same *evidence*, namely "Hanna's daily interactions with S-L, her ability to set her own schedule, the manner in which she chose to distribute S-L products, her ability to affect profit and loss, and the extent to which she managed her own business." (Doc. 31 at 10). These similarities constitute a "common set of facts" that would require "all claims [to be included] in a single lawsuit" to avoid duplicative litigation. *Elgin,* 567 U.S. at 34. *See Yost,* No. 3:18-CV-1522, 2019 WL 3451507, at *4 (internal citations omitted) (noting that deciding whether two suits are based on the same "cause of action" requires looking to the "essential similarity of the underlying events giving rise to the various legal claims" and collecting cases indicating that we must look to the relevant *factual allegations* in comparing lawsuits, not to the resulting legal arguments).

In addition, we must "carefully insure[ ] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Walton,* 563 F.2d at 71. Here, there is no question that Plaintiff's counsel was aware of *Mode* and knew that they could have sought amendment to include Plaintiff's state law claims when she opted-in to the

collective action suit.[4] But the *Mode* court had previously dismissed similar North Carolina state law claims, perhaps leading counsel to believe that the same fate would befall Plaintiff's Illinois claims. *Mode v. S-L Distribution Co., LLC*, No. 3:18-CV-00150-RJC-DSC, 2019 WL 1057045, at *2 (W.D.N.C. Mar. 6, 2019).

We will never know Plaintiff's true motivations, but Defendant helpfully points us to several wage-and-hour cases in which Plaintiff's counsel had previously sought to amend collective action cases to include state law claims. (Doc. 31 at 19-20). (*See. E.g.,* Doc. 31-3 (docket sheet of *Allison v. Amazon.com*, 14-cv-00168-DJH (W.D. Wash./W.D. Ky.), showing amended complaint adding state law wage-and-hour claims from Washington, Pennsylvania, Kentucky, and Arizona, with Attorneys Winebrake and Santillo as counsel of record); Doc. 31-5 (amended complaint of *Carr v. Flowers Foods, Inc.*, No. 2:15-cv-06391-LS (E.D. Pa. May 19, 2016), adding New York state law wage claim, with Attorneys Mark Gottesfeld, R. Andrew Santillo, and Peter Winebrake as counsel of record).[5]

---

[4] Plaintiff's argument that she had no "substantive control" over the scope of the *Mode* litigation is unavailing. Plaintiff's written consent to opt-in to *Mode* made her a party to the action. *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n.1 (3d Cir. 2018). She thus had the ability to assert new claims and secure counsel to represent her in *Mode*. Indeed, she did so, retaining the same lawyers that had initially instigated the *Mode* litigation. Those lawyers were able to communicate with Plaintiff, identify any other claims she may have, and, if appropriate, assert those claims for her by seeking leave to amend *Mode*.

[5] Plaintiff argues that amending the *Mode* complaint to include each opt-in Plaintiff's relevant state law claims would constitute a "wild litigation plan" that the *Mode* court "would never have endorsed" and which they "would be embarrassed to propose." (Doc. 30 at 20). But Plaintiff's counsel was clearly not too "embarrassed" to amend previous complaints under similar circumstances. *See Allison v. Amazon.com*, 14-cv-00168-DJH (W.D. Wash./W.D. Ky.);

Counsel was clearly aware of this available procedure and yet, for some reason, chose not to utilize it in *Mode*.[6] We find these circumstances suspect, and are

---

*Carr v. Flowers Foods, Inc.*, No. 2:15-cv-06391-LS (E.D. Pa. May 19, 2016). Indeed, there are many instances in which courts have allowed plaintiffs to amend complaints in FLSA collective actions to include state law claims. *See Higgins v. Bayada Home Health Care, Inc.*, No. CV 3:16-2382, 2019 WL 6467857, at *1 (M.D. Pa. Dec. 2, 2019). *See also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 199 (S.D.N.Y. 2014) ("FLSA's broad remedial nature and its collective action provision suggest that the act contemplates this very situation, and given the choice between litigating each claim separately or in the aggregate, it favors the latter."). Such a routine practice is not, in our view, "embarrassing" or unworkable.

[6] Plaintiff advances several arguments as to why she did not seek to add her Illinois state law claim to *Mode*, none of which are convincing. First, Plaintiff argues that her *Mode* opt-in consent form limited her *Mode* claims to those relating to the FLSA. (Doc. 30 at 8). But we see nothing in *Mode*'s opt-in notice which a "reasonable person" could read as limiting Plaintiff to her FLSA claims. (*Id.* at 16). Instead, it informed her of the current scope the *Mode* litigation and offered her the opportunity to participate. (*See* Doc. 30 at 9 (reprinting the *Mode* consent notice)). As the Third Circuit has noted, "every plaintiff who opts in to a collective action has party status," which would not only allow, but require, Plaintiff to assert all claims arising from the transaction or occurrence at issue to avoid issues of claim splitting or *res judicata. Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n.1 (3d Cir. 2018). Next, Plaintiff argues that, because of the relevant choice-of-forum provision in her agreement with S-L, she was required to file her state law claims in a Pennsylvania state or federal court. (Doc. 30 at 15). However, Plaintiff's own counsel chose to file *Mode*, a case governed by an identical provision, in the Western District of North Carolina. We thus struggle to understand how counsel could reasonably argue they were restricted from amending their own complaint to include new claims. Plaintiff also maintains that the inclusion of the provision meant that S-L had consented to her claim splitting. (*Id.* at 14-15). Again, we disagree. Nothing in the choice-of-forum provision states that S-L was aware of Plaintiff's intention to reserve her Illinois state claim for a later date, and indeed Plaintiff does not allege that she informed Defendant of such an intention. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1072 (3d Cir. 1990) (holding that claim splitting is permissible when "the defendant consents, in express words or otherwise"). Finally, Plaintiff argues that she filed her state law claim here because the *Mode* court lacked both personal and subject matter jurisdiction. But this is absurd. Plaintiff consented to personal jurisdiction in North Carolina when she opted-in to *Mode. See In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) ("[A] party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum.)." And, as previously discussed, her IWPCA claim shares a common set facts with her FLSA collective action. Thus, the *Mode* court would have supplemental jurisdiction over Plaintiff's state law claim, as Plaintiff's attorneys well know. *See*

11

persuaded to dismiss Plaintiff's case without prejudice to avoid forum shopping and the circumvention of relevant procedure.

## V.    CONCLUSION

We must carefully guard the efficient use of judicial resources. We must also ensure that parties do not attempt to "game the system" by filing duplicative lawsuits. Here, we see both of these issues at play. We cannot properly and efficiently consider Plaintiff's Illinois claim while the *Mode* court looks to the same underlying facts to decide a substantially similar case. Both Supreme Court and Third Circuit precedent caution us against doing so. Moreover, the instant case appears to be an impermissibly strategic attempt to remove Plaintiff's state law claim from the consideration of the *Mode* court. In the interest of judicial efficiency and fairness, we will thus dismiss the instant case without prejudice. Should *Mode* no longer present issues of claim splitting, nor give rise to claim or issue preclusion, Plaintiff is welcome to refile her Illinois state law claim. Until then, we shall properly defer to the ongoing proceedings in *Mode*.

---

*Allison v. Amazon.com*, 14-cv-00168-DJH (W.D. Wash./W.D. Ky.); *Carr v. Flowers Foods, Inc.*, No. 2:15-cv-06391-LS (E.D. Pa. May 19, 2016).